**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| PHYLLIS E. BANKS, | DOCKET NUMBER |
| Appellant, | SF-0353-19-0387-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: February 13, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Osvaldo Quintana, Los Angeles, California, for the appellant.

Deborah C. Winslow, Esquire, San Francisco, California, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal seeking review of the agency's decision to remove her, the agency's failure to restore her to her position, and a negative suitability determination. On petition for review, the appellant reiterates her arguments from below, asserting, among other things, that she was a covered employee under chapter 75, that the Board has jurisdiction over her restoration

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

claim because the agency was aware that she suffered an on-the-job injury, that the agency discriminated against her due to her age and disability, and that the agency refused to place her in or search for an appropriate position to accommodate her medical restrictions. Petition for Review (PFR) File, Tab 1 at 3. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.[2] 5 C.F.R. § 1201.113(b).

Below, the administrative judge issued a jurisdictional order informing the appellant how to establish the Board's jurisdiction over the removal of U.S. Postal Service employees and restoration claims. Initial Appeal File (IAF), Tab 3 at 2-10. The order did not provide the appellant with notice of how to establish the Board's jurisdiction over a negative suitability determination claim or how to prove her affirmative defense of age discrimination. *Id.* To the extent this

---

[2] In her petition for review, the appellant requests a hearing. PFR File, Tab 1 at 3. It is not clear if she is arguing that the administrative judge erred in denying her a hearing below or if she is seeking a hearing on review. *Id.* To the extent she is arguing that the administrative judge erred, an appellant is not entitled to a hearing absent a nonfrivolous allegation of jurisdiction. *Cf. Rivera v. Department of the Navy,* 114 M.S.P.R. 52, ¶ 6 (2010). To the extent she is seeking a hearing on review, the Board's regulations do not provide for such proceedings.

constitutes error, *see Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (providing that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue), we find that such error was cured with respect to the negative suitability determination claim and that any error with respect to the appellant's age discrimination claim is harmless.

Regarding the suitability claim, the administrative judge concluded that the appellant's indication on her appeal form that she was appealing a negative suitability determination, IAF, Tab 1 at 4, was merely her characterization of the agency's decision to remove her, IAF, Tab 6, Initial Decision (ID) at 7. We agree. There is no evidence in the record that the appellant received a negative suitability determination or that she made an actual claim before the Board on that basis, and she does not raise it on review. Nonetheless, the administrative judge provided further information concerning the Board's jurisdiction over negative suitability determinations in the initial decision, thereby curing any error in omitting it in her jurisdictional order. ID at 7; *see Parker v. Department of Housing and Urban Development*, 106 M.S.P.R. 329, ¶ 8 (2007). Regarding the age discrimination claim, we find that the appellant's rights were not prejudiced by not receiving notice of how to prove this claim because she failed to establish jurisdiction over an otherwise appealable action, and the Board would therefore ultimately lack jurisdiction over an age discrimination claim. *See Penna v. U.S. Postal Service,* 118 M.S.P.R. 355, ¶ 13 (2012) (stating that, absent an otherwise appealable action, the Board lacked jurisdiction to consider the appellant's claims of age and disability discrimination); *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

Additionally, the appellant asserts for the first time on review that, in addition to age discrimination, the agency also engaged in disability

discrimination.[3]  PFR File, Tabs 1, 4.  The Board will generally not consider an argument raised for the first time on review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  Regardless of whether the appellant can make such a showing, the Board nonetheless lacks jurisdiction over such discrimination claims absent an otherwise appealable action.  *See Penna*, 118 M.S.P.R. 355, ¶ 13.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[3] Following the close of the record on review, the appellant submitted a reply to the agency's response to her petition for review and, another 5 months later, a motion for leave to file an additional pleading.  PFR File, Tabs 4, 7.  Regarding the reply, the Board's regulations provide that a reply to a response to a petition for review must be filed within 10 days of the date of service of the response.  5 C.F.R. § 1201.114(e).  The Office of the Clerk of the Board informed the appellant of the appropriate deadlines in an acknowledgment letter.  PFR File, Tab 2.  Here, the agency submitted its response on August 2, 2019, and the appellant submitted her reply on September 3, 2019, thereby making it untimely by 22 days.  PFR File, Tabs 3-4.  Even considering this untimely reply, however, we find that the appellant has still failed to provide a basis to disturb the initial decision.  Regarding the motion for leave to file an additional pleading, the appellant requests leave to submit evidence regarding a class action lawsuit against the agency.  PFR File, Tab 7 at 5.  She has not explained, however, how this evidence affects the question of whether the Board has jurisdiction over her appeal.  Accordingly, the motion is denied.  *See* 5 C.F.R. §§ 1201.114(k), 1201.115(d).

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.